UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERNEST SHARPE ex rel. UNITED
STATES OF AMERICA,

    Plaintiff,

v.                          Case No. 8:13-cv-1171-T-33AEP

AMERICARE AMBULANCE,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of the United States' motion to intervene (Doc. # 62), filed on June 30, 2017. Defendant Americare Ambulance filed a response in opposition on July 13, 2017. (Doc. # 68). For the reasons below, the Motion is granted.

**Discussion**

This *qui tam* action was instituted on May 1, 2013. (Doc. # 1). After a number of continuances, the United States filed a notice informing the Court it was not intervening "in this case at this time" on January 5, 2017. (Doc. # 26). The United States also indicated in its January 5, 2017, notice that it would continue its investigation to determine whether it

would intervene. (Id. at 1). The Court lifted the seal on the Relator's Complaint on January 10, 2017. (Doc. # 27).

The Relator proceeded and served Americare on April 5, 2017. (Doc. ## 34, 37). The Court subsequently held its case management hearing on May 3, 2017, and entered its Case Management and Scheduling Order that same day. (Doc. ## 47, 49). After the Case Management and Scheduling Order was entered, Americare filed a motion to dismiss the Relator's Complaint on May 26, 2017. (Doc. # 55). While that motion to dismiss was still pending, the United States filed the currently pending motion to intervene on June 30, 2017. (Doc. # 62). Three days later, the Court granted in part and denied in part Americare's motion to dismiss. (Doc. # 64). Relator's amended complaint is currently due by August 2, 2017. (Id.).

"When a person proceeds with the action," as is the case here, "the court, without limiting the status and rights of the person initiating the action, may nevertheless permit the Government to intervene at a later date upon a showing of good cause." 31 U.S.C. § 3730(c)(3). Section 3730(c)(3) does not define what constitutes good cause. Three courts have found § 3730(c)(3)'s good-cause requirement to be satisfied where, as here, the relator consents to intervention. See, e.g., Thomas v. Sarasota Pain Assocs., P.A., 8:11-cv-583-T-

23TBM, Doc. # 27 (M.D. Fla. Oct. 22, 2012) (unpublished); Baklid-Kunz v. Halifax Hosp. Med. Ctr., No. 6:09-cv-1002, 2011 WL 4480846, at 1 (M.D. Fla. Sept. 27, 2011); Stone v. Rockwell Int'l Corp., 950 F. Supp. 1046, 1049 (D. Colo. 1996).

But, at least one court has found Stone's reading of § 3730(c)(3)'s good-cause requirement to be too broad. Drennen v. Fresenius Med. Care Holdings, Inc., No. 09-10179-GAO, 2017 WL 1217118, at *5 n.2 (D. Mass. Mar. 31, 2017) (reasoning the argument that good cause is assured where the relator assents to intervention "would virtually eliminate the 'good cause' requirement since a relator may assent for any reason or no reason at all."). In other contexts, the Eleventh Circuit has noted that good cause "is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance." Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996) (citation and internal quotation marks omitted). So while there is no "precise formula," Id., for determining if good cause exists, the Court may consider "whether intervention would be unduly prejudicial to the defendant or would cause undue delay." Drennen, 2017 WL 1217118, at *9 (citations omitted); see also Fed. R. Civ. P. 24(a)(3).

Under the Case Management and Scheduling Order, the parties have until June 29, 2018, to conduct discovery. (Doc. # 47 at 1). Thus, almost a full year of discovery remains. Given the generous time period for discovery, intervention at this relatively early stage of the proceeding will not cause undue delay or prejudice. Furthermore, the Court grants the United States' motion to intervene on the proviso that the dispositive motion and trial deadlines will not be moved. Because the timeframe for litigation remains the same, again, the Court determines there will be no undue delay.

As for undue prejudice, Americare asserts it will be unduly prejudice because it is "currently litigating many of these same issues with CMS in an Administrative Law proceeding that has been ongoing. So . . ., it is in significant part duplicative and redundant of federal litigation elsewhere." (Doc. # 68 at 3). Whatever degree of duplication may exist because of this *qui tam* action and the ongoing administrative proceedings, it is not weighty enough to create undue prejudice. To be sure, this *qui tam* action would persist even if the United States' motion to intervene were denied.

Having found that good cause exists, the United States' motion to intervene is granted. Although the United States requests to have until August 29, 2017, to file its complaint

in intervention (Doc. # 62), given the protracted period the United States has had to investigate this action, the Court finds that a filing deadline of August 2, 2017, appropriately balances the competing interests while also ensuring no undue delay occurs in the prosecution of the action. In light of the United States' intervention, the Relator is relieved of his obligation to file an amended complaint. § 3730(c)(1).

Finally, the Court emphasizes that the dispositive motion and trial deadlines will not be moved, under any circumstances or for any reason, as a consequence of the United States' intervention. The United States has had more than four years to make its decision, which has understandably produced frustration on Americare's part. The Court will not tolerate any further delay, nor will it indulge the parties in extension after extension. This Court is prepared to move forward as expeditiously as it is able to. The parties are thus placed on notice that the Court expects the parties to work with each other, cooperate with each other, and only seek continuances or extensions of time when absolutely necessary.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The United States' motion to intervene (Doc. # 62) is **GRANTED**.

(2) The United States' complaint in intervention is due by August 2, 2017.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 13th day of July, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE