# EXHIBIT 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA
and STATE OF FLORIDA *ex rel.*
KATHLEEN M. SIWICKI,

    Plaintiffs,

v.

Case No. 8:15-cv-987-T-27MAP

ARTHUR S. PORTNOW, M.D., and
ARTHUR S. PORTNOW M.D., P.A.
d/b/a APPLE MEDICAL AND
CARDIOLOGY GROUP,

    Defendants.
_____/

## UNITED STATES' NOTICE OF PROPOSED SETTLEMENT

Pursuant to Local Rule 3.08(a), the United States of America, by and through the undersigned counsel, and with the consent of relator Kathleen M. Siwicki (Relator) and defendants Arthur S. Portnow, M.D. and Arthur S. Portnow M.D., P.A. (Defendants), hereby notifies the Court that counsel for the government and the Defendants have agreed to a proposed settlement (Proposed Settlement) that would resolve all Medicare-related claims brought by the Relator under the False Claims Act (FCA), 31 U.S.C. § 3729, *et seq.*[1] This Proposed Settlement has been diligently negotiated by the parties' attorneys in connection with the government's on-going investigation of the matter,[2] and

---

[1] It is the government's understanding that, in connection with the Proposed Settlement, the Relator will be seeking a voluntary dismissal of her claims under the Florida False Claims Act.
[2] *See United States ex rel. Christiansen, et al. v. Everglades College, Inc.*, 855 F.3d 1279, 1285-86 & n. 3 (11th Cir. 2017) (government can settle *qui tam* actions without the need to intervene upon a showing of good cause under section 3730(c)(3) of the FCA).

includes an agreement-in-principle with respect to the monetary sum to be paid by the Defendants. In accordance with section 3730(c)(2)(B) of the FCA, the Relator – through her counsel – has agreed that this Proposed Settlement is fair, adequate and reasonable under all the circumstances. In addition, it is the government's understanding that the Relator and the Defendants have separately reached an agreement-in-principle with respect to the issue of attorney's fees, costs and expenses due and owing the Relator pursuant to section 3730(d) of the FCA.

The government, the Defendants and the Relator believe in good faith that, while this Proposed Settlement remains subject to a number of conditions (as is typical of such proposed settlements),[3] the parties will be able to satisfy those conditions in a timely manner.

In light of this Proposed Settlement and with the consent of both the Defendants and the Relator, the government respectfully requests that, pursuant to Local Rule 3.08(b), the Court administratively close this matter and afford the parties sixty (60) days to move the Court for the entry of a stipulated form of final Order or judgment. The additional time requested will permit the parties to obtain the necessary approvals, to formalize their proposed resolution in a signed, written settlement agreement, and, with

---

[3] These conditions include the acquisition of the requisite, formal governmental approvals and the execution of a written settlement agreement signed by the government, the Defendants, the Relator, the Department of Health and Human Services (HHS), and any other affected agencies. In the latter regard, it is the government's understanding that, as a condition of signing the settlement agreement, HHS will require the Defendants to execute a written Integrity Agreement with HHS' Office of the Inspector General. The Defendants had advised that they are agreeable to this condition, and have begun negotiating the terms of that Integrity Agreement with HHS' agency counsel.

respect to HHS and the Defendants, to finalize their Integrity Agreement.[4] It will also ensure that the Court does not needlessly expend time and valuable judicial resources addressing matters, such as the Defendants' pending motion to dismiss, *see* (Doc. 38), which would ultimately be rendered moot by the parties' anticipated settlement.

                                     Respectfully submitted,

                                     W. STEPHEN MULDROW
                                     Acting United States Attorney

Dated: September 27, 2017    By:   *s/ Christopher P. Tuite*
                                            CHRISTOPHER P. TUITE
                                           Assistant United States Attorney
                                           Florida Bar No. 125146
                                           400 North Tampa Street, Suite 3200
                                           Tampa, FL 33602
                                           Telephone: (813) 274-6000
                                           Facsimile: (813) 274-6200
                                           E-mail: christopher.tuite@usdoj.gov

                                           *Counsel for the United States of America*

---

[4] The government notes in this regard that, due to various out-of-town commitments, agency counsel will generally be unavailable to recommence her work on this matter until the week of October 16, 2017. Agency counsel is confident, however, that the requested 60 days will provide her and the Defendants with enough time to finalize their Integrity Agreement and to secure the necessary approvals.

CERTIFICATE OF SERVICE

I hereby certify that, on September 27, 2017, I caused a true and accurate copy of the foregoing to be filed using the Court's CM/ECF system, which will send an electronic notice of filing to all counsel of record.

/s/ Christopher P. Tuite
CHRISTOPHER P. TUITE
Assistant United States Attorney

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA and
STATE OF FLORIDA *ex rel.* KATHLEEN
M. SIWICKI,

      Plaintiffs/Relator,

v.                                              Case No. 8:15-cv-987-T-27MAP

ARTHUR S. PORTNOW, M.D. and
ARTHUR S. PORTNOW M.D., P.A. d/b/a
APPLE MEDICAL AND CARDIOLOGY
GROUP,

      Defendants.
_____/

## ORDER

**BEFORE THE COURT** is the United States' Notice of Proposed Settlement (Dkt. 39). The government requests, with the Relator and Defendants' consent, that the Court administratively close this case pursuant to Local Rule 3.08(b) due to the proposed settlement. The State of Florida separately filed a notice of its consent to administratively closing the case and to a voluntary dismissal should the Relator chose to do so. (Dkt. 41).

Accordingly, pursuant to Local Rule 3.08(b), M.D. Fla., this case is **DISMISSED** *without prejudice* and subject to the right of the parties, within sixty (60) days of the date of this order, to submit a stipulated form of final order or judgment should they so choose or for any party to move to reopen the action, *upon good cause shown*. All pending motions, if any, are **DENIED** *as moot*. The Clerk is directed to **ADMINISTRATIVELY CLOSE** the file.

DONE AND ORDERED this \_\_3rd\_\_ day of October, 2017.

_____
JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of record